IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| LUIS CUBIAS, et al., | ) |
| | ) |
|     PlaintiffS, | ) |
| | ) |
|         v. | )    1:06cv386 (JCC) |
| | ) |
| CASA FURNITURE AND BEDDING, | ) |
| LLC, *et al.* | ) |
| | ) |
|     Defendants. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Plaintiffs' motion for partial summary judgment.  For the following reasons, Plaintiffs' motion will be granted.

### I.  Background

This action arises from alleged violations of the Fair Labor Standards Act ("FLSA") by Defendants Casa Furniture and Bedding, LLC ("Casa"), America's Furniture and Bedding, LLC ("America's"), and Spiro D. Laousis ("Laousis").  Plaintiff Luis Cubias and opt-in plaintiffs Elmer Garcia Sanchez, Arturo Palencia, Janette Flores, Riboberto Morales, Juan Montero Diaz, Maria Santos Perez, and Juan Antonio Zaleda Lopez are all former employees of retail furniture stores operated by Defendants in the Northern Virginia area.  The facts as alleged by Plaintiffs are as follows:

Plaintiffs were non-exempt, hourly employees of

Defendants, and thus entitled to overtime for any hours worked over forty in a given week.  Defendants paid employees on a bi-weekly basis, but did not pay overtime wages for hours worked over forty in a given week.  Instead, Defendants were paid straight-time wages for all hours worked.  To avoid employees accumulating more than forty hours in a week for a single employer, Defendants structured a joint payroll system between Casa and America's, whereby payment for the first eighty hours of work performed during a two-week period was drawn from a Casa Furniture account, and payment for any additional time worked was drawn from an America's Furniture account, in separate paychecks.  Employees who worked over forty hours in a week between the two entities therefore received two separate payments of "straight-time" wages and were not paid any overtime.

The parties stipulated to the amount of overtime due to Plaintiffs should the Court find Defendants liabile.  Four issues remain in dispute:  (1) whether Casa and America's are "joint employers" within the meaning of the FLSA and therefore jointly and severally liable for the failure to pay overtime wages; (2) whether Laousis is liable for violations of the FLSA based on his status as managing member of the corporations; (3) whether a two or three-year statute of limitations applies to Plaintiff's claims; and (4) whether Plaintiffs are entitled to liquidated damages pursuant to the FLSA.  Plaintiff filed an motion for

summary judgment, and oral argument was held before this Court on January 10, 2007.[1]  At that time, Defendants moved to nonsuit their remaining counterclaims, and the Court dismissed them without prejudice.  Plaintiff's motion for summary judgment is currently before the Court.

## II.  Standard of Review

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs. Applications & Serv., Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996)(citations omitted).  In reviewing the record on summary judgment, "the court must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant."  *Brock v. Entre Computer Ctrs.*, 933 F.2d 1253, 1259 (4th Cir. 1991)(citations omitted).

The very existence of a scintilla of evidence or of unsubstantiated conclusory allegations, however, is insufficient to avoid summary judgment.  *Anderson*, 477 U.S. at 248-52.  Rather, the Court must determine whether the record as a whole

---

[1] Defendants did not provide the Court with a written opposition to Plaintiff's motion.

could lead a reasonable trier of fact to find for the non-movant. *Id.* at 248.

### III. Analysis

A. Joint Liability

Under the FLSA a given employee may have more than one employer. *Falk v. Brennan,* 414 U.S. 190, 195 (1973). However, in situations where "joint employment" exists, the employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the payment of overtime wages. 29 C.F.R. § 791.2 (2006). Joint employment exists when

> the facts establish that the employee is employed jointly by two or more employers, i.e., that employment by one employer is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the Act.

*Id.* at § 791.2(a). Courts have expounded upon this rule to find joint employment in situations where: (1) the employers have agreed to share the employee's services; (2) one employer acts in the interest of the other employer in relation to the employee; or (3) the employers may be deemed to share control of a particular employee because one employer is controlled, or under common control with another. *Id.* at § 791.2(b); *Schultz v. Capital International Security, Inc.,* 466 F.3d 298, 305-06 (4th Cir. 2006).

The facts presented by Plaintiffs establish joint employment for several reasons. First, the two entities simultaneously shared a number of employees, including each of the Plaintiffs. Second, those considered employees of both entities completed only one employment application. (*See* Pltf.'s Mot. Ex. 7). Payroll was handled jointly between America's and Casa, with each employee submitting one time sheet, even when hours were allocated to both companies during the pay period. (*See* Pltf.'s Mot Ex. 1 at 49-51, 58-59, 111-15, 141-142; Ex. 2 at 28). Furthermore, both Casa and America's were under the common control of Spiro Laousis, who was sole manager and member of each LLC. (Pltf.'s Mot. Ex. 1 at 9, 13-14, 116). Based on these facts, this Court concludes that the two entities, which were under the common control of Laousis, shared control of the Plaintiffs as employees and agreed to share their services. Accordingly, pursuant to 29 C.F.R. § 791.2 and *Schultz,* joint employment existed between America's and Casa for the purposes of the FLSA, and both entities will be held jointly and severally liable for overtime wages not paid pursuant to the Act.

### B.   Individual Liability of Spiro Laousis

Under the FLSA, an employer is defined as any person acting directly or indirectly in the interest of an employer in relation to an employee, and includes individuals with managerial responsibilities and substantial control over the terms and

conditions of an employee's work.  29 U.S.C. § 203(d); *Falk,* 414 U.S. at 195.  A corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, and may be held jointly and severally liable under the FLSA for unpaid wages.  *See Dole v. Elliot Travel,* 942 F.2d 962, 965 (6th Cir. 1991); *Donovan v. Agnew,* 712 F.2d 1509, 1511 (1st Cir. 1983).

Spiro Laousis was a corporate officer of both Casa and America's, served as the executive manager of both entities, and was responsible for day-to-day functions including employment and the payment of wages.  (*See* Pltf.'s Mot. Ex. 1 at 7-9, 13-14, 116).  Laousis reviewed the hours worked by employees of Casa and America's and was aware of the hours worked and what they were paid.  (Pltf.'s Mot. Ex. 1 at 65-66; Ex. 4 at 18, 70; Ex. 3 at 41).  Accordingly, Laousis should be considered an employer and held jointly and severally liable for unpaid overtime.

### C.  Statute of Limitations

The FLSA is typically governed by a two-year statute of limitations, but provides for a three year statutory period if the Plaintiff can establish that the violation was willful.  29 U.S.C. § 255(a).  Conduct is considered "willful" under the FLSA when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988).  The

facts in this case indicate that the employers were aware that Plaintiffs were working over forty hours per week but not being paid overtime.  In fact, the entry of a maximum of forty hours for an employee with one company and the remainder to the other suggests that Plaintiffs' hours were divided between companies specifically to avoid the payment of overtime.  (Pltf.'s Mot Ex. 1 at 45-56, 138-40; Ex. 2 at 27-28).  Furthermore, Laousis, acting as an agent for both Casa and America's, signed an employment verification form stating that Plaintiff Arturo Palencia was being paid overtime wages, when in fact he was not.  (*See* Ex. 6 to Pltf.'s Mot Ex. 1).  Defendants' argument that the conduct was not willful because they ran a "sloppy" business and subjectively believed conduct explicitly prohibited by statute to be acceptable is, at best, reckless disregard for the FLSA and consequently still willful.  The evidence presented by Plaintiffs illustrates a deliberate scheme to evade the FLSA's overtime requirements, or at a minimum, reckless disregard for compliance with the statute.  Accordingly, this Court finds that the violation of the FLSA was willful and a three-year statute of limitations will apply.

### D.  Liquidated Damages

An employee who prevails in an action for unpaid wages under the FLSA is entitled to recover unpaid wages plus an equal amount as liquidated damages.  29 U.S.C. § 216(b).  The Fourth

Circuit has held that liquidated damages should be the amount equal to the unpaid overtime compensation. *See Mayhew v. Wells*, 125 F.3d 216, 220 (4th Cir. 1997). The Court may exercise discretion not to award liquidated damages if the employer proves that its failure to obey the Act was in good faith and predicated upon reasonable grounds. 29 U.S.C. § 260. Defendants have not opposed Plaintiff's motion or offered any reason why the Court should not award liquidated damages. Accordingly, this Court should award liquidated damages.

### E.  Attorney's Fees

For a successful action under the FLSA, an award of attorney's fees is mandatory, but the amount of award is within the discretion of the trial judge. *Lyle v. Food Lion, Inc.,* 954 F.2d 984, 988 (4th Cir. 1992). This Court will award attorney's fees and allow Plaintiff to submit an affidavit of cost and fees.

### III.  Conclusion

For the foregoing reasons, Plaintiffs' motion for summary judgment will be granted.


January 16, 2007                    _____/s/_____
Alexandria, Virginia                     James C. Cacheris
                                  UNITED STATES DISTRICT COURT JUDGE

_____